Herkness's Estate.

*Saul, Ewing, Remick & Saul,* for exceptions.
*Thomas Stokes, Allen Hunter White* and *Boyd Lee Spahr,* contra.

HENDERSON, J., July 3, 1930.—There is little need to add to the clear and convincing reasoning of the Auditing Judge. After the death of all his children, the testator gave the *corpus* of his estate to the persons who would be entitled thereto had he survived his wife and children and died intestate and in like proportions. Had he stopped there, our problem would have been simpler. But he added, "The children and their issue to take *per stirpes* and not *per capita* however."

Without this last sentence the Intestate Act would make a *per capita* distribution among the grandchildren. We cannot regard this clause as surplusage,

if it may be construed as conveying a reasonable intent. The word "however" in the clause introduces a change in the intestate provisions. He points to the children as constituting the *stirps*.

But it is argued there can be no division until all his children are dead, and as if predeceasing the testator, and, hence, they can take nothing. In the literal sense this is true, but not so for the testator's purposes.

The testator did regard his children as recipients of portions of the *corpus*, because he charged them with advancements made to them in his lifetime, and provided for further advancements to some of them under the fourth clause of the will. So that, when he said, "The children and their issue to take *per stirpes* and not *per capita*," he was in reality recognizing what he had given the children by way of advancements, and these were directed to be deducted from their respective "representative" shares, *i. e.*, the share from which each child received the income in his or her lifetime.

We are of opinion that it is clear beyond a reasonable doubt that the testator has deviated from an intestate distribution and designated his children as the *stirps*.

The exceptions are dismissed and the adjudication is confirmed absolutely.